UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: UFP HOLDING I, LLC,<br>Debtor,<br><br>UFP HOLDING I, LLC,,<br>Appellant,<br><br>v.<br><br>UNITED STATES TRUSTEE,<br>Appellee. | 26-CV-375 (DEH)<br><br>ORDER |

DALE E. HO, United States District Judge:

On January 15, 2026, Appellant UFP Holding I, LLC, filed a Notice of Appeal from an Order of the United States Bankruptcy Court for the Southern District of New York dismissing the Debtor's case. ECF No. 1. On October 5, 2026, having received no further communication from Appellant since the Notice of Appeal was filed, the Court ordered Appellant to show cause, by October 9, 2026, why the appeal should not be dismissed for failure to prosecute. ECF No. 2. To date, Appellant has not filed anything further on the docket nor otherwise contacted the Court since the Notice of Appeal was docketed.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes this Court to dismiss a case *sua sponte* for failure to prosecute. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). Before dismissing a case for failure to prosecute, a district court must consider:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *Alvarez v. Simmons Mkt. Rsch. Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)). "[N]one of the five factors is separately dispositive." *Id.* at 210.

The Federal Rules of Bankruptcy Procedure similarly authorize district courts to dismiss appeals from bankruptcy cases for failure to timely file required initiating documents. Rule 8003(a)(2) provides that "[a]n appellant's failure to take any step other than timely filing a notice of appeal . . . is ground . . . for the district court . . . to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2). Rule 8009(a)(1) requires an appellant to "(A) file with the bankruptcy clerk a designation of the items to be included in the record on appeal and a statement of the issues to be presented; and (B) file and serve the designation and statement on the appellee within 14 days after: the notice of appeal as of right has become effective . . . ." Fed. R. Bankr. P. 8009(a)(1). And Rule 8018(a)(4) provides that "[i]f an appellant fails to file a brief on time . . . the district court . . . may—on its own after notice or on the appellee's motion—dismiss the appeal." Fed. R. Bankr. P. 8018(a)(4).

A court considering dismissal of a bankruptcy appeal for failure to make timely filings must first "provide notice of the potential dismissal and an opportunity for the errant litigant to explain its conduct." *In re Harris*, 464 F.3d 263, 272 (2d Cir. 2006). The court may then "exercise discretion to determine whether dismissal is appropriate in the circumstances." *In re Tampa Chain Co., Inc.*, 835 F.2d 54, 55 (2d Cir. 1987). The court should "endeavor to explain why [dismissal] is in the interest of justice to all parties" and evaluate whether (1) "a lesser sanction would be appropriate," (2) counsel demonstrated "bad faith or a pattern of negligence," (3) "any other parties were prejudiced," and (4) "the litigant should be granted the opportunity to rectify the problem." *In re Harris*, 464 F.3d at 272. The Federal Rules of Bankruptcy Procedure further allow courts to permit late filings if the movant can show that the delay "resulted from excusable neglect." Fed.

R. Bankr. P. 9006(b)(1)(B). When assessing whether there was "excusable neglect," courts consider

> [1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

*In re Enron Corp.*, 419 F.3d 115, 122 (2d Cir. 2005) (quoting *Pioneer Investment Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993)). The Second Circuit instructs courts to take a "hard line" when weighing excusable neglect and to "focus[] on the third factor": the reason for the delay. *Id.* (quoting *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 368 (2d Cir. 2003)). The movant bears the burden of proving excusable neglect. *Id.* at 121.

Here, the factors weigh in favor of dismissal, "whether analyzed under Rules 8009(a), 8003(a)(2), and 8018(a)(1) of the Federal Rules of Bankruptcy Procedure, or under Rule 41(b)" of the Federal Rules of Civil Procedure. *In re Archibald*, No. 23 Civ. 10462, 2024 WL 2093644, at *3 (S.D.N.Y. May 9, 2024).

First, the Court informed Appellant on October 2, 2026, that the appeal could be dismissed, and ordered Appellant to show cause by October 9, 2026. ECF No. 2. Appellant therefore had notice of the potential dismissal and an opportunity to explain its lack of action. *See In re Harris*, 464 F.3d at 272.

Second, more than nine months have elapsed since the Notice of Appeal was docketed on January 15, 2026, ECF No. 1, without any further communication from Appellant. Appellant has not filed a designation of the items to be included in the record or a statement of issues, which were due on January 29, 2026, fourteen days after the Notice of Appeal became effective. Fed. R. Bankr. P. 8009(a)(1). Appellant has also not filed an initial brief, *see* Fed. R. Bankr. P. 8018(a), nor offered any explanation for its failure to prosecute this appeal. The lengthy delay warrants

dismissal. *See In re Manchanda*, No. 23 Civ. 11308, 2024 WL 1348793, at *1 (S.D.N.Y. Mar. 29, 2024) (finding dismissal proper where "three months have passed since the notice of appeal was docketed . . . and Appellant has not filed a designation of the record or statement of issues pursuant to [Rule] 8009."); *Balderramo v. Go N.Y. Tours Inc.*, No. 15 Civ. 2326, 2019 WL 5682848, at *3 (S.D.N.Y. Nov. 1, 2019) ("In [the Second] Circuit, a delay of merely a matter of months may be sufficient to warrant dismissal under Rule 41.").

Third, Appellant has not responded to the Court's Order directing Appellant to show cause as to why the appeal should not be dismissed. *See* ECF No. 2. Appellant has therefore not met its burden to show that its delays are excusable. *In re Enron Corp.*, 419 F.3d at 121; *see also Sanango v. Ruby Nails Tarrytown, Inc.*, No. 20 Civ. 8245, 2023 WL 145521, at *2 (S.D.N.Y. Jan. 10, 2023) (finding delays inexcusable where Plaintiff has "not taken any steps to advance this matter despite multiple Orders directing him to do so"). Prejudice to Appellee United States Trustee may therefore be "presumed." *In re Manchanda*, 2024 WL 1348793, at *2 ("[P]rejudice to Appellee may be presumed because Appellant's delay is inexcusable.").

Fourth, no lesser sanction is appropriate considering Appellant's failure to respond to the Court's Order to show cause and Appellant's failure to take any actions in this case since filing the Notice of Appeal. *See Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 178 (2d Cir. 2008) ("[I]n light of [Plaintiff's] failure to respond to the notice threatening dismissal, it is . . . unclear that a 'lesser sanction' would have proved effective in this case.").

For the reasons explained above, the appeal is **DISMISSED WITHOUT PREJUDICE.**

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: October 16, 2026
New York, New York

DALE E. HO
United States District Judge